**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| STEVEN D. LISLE, #R40159, | ) |
| Plaintiff, | ) ) ) |
| - vs- | ) No. 15-965-GCS |
| KIMBERLY BUTLER, et al., | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO ENFORCE JUDGMENT**

NOW COME the Defendants, SUSAN HILL, CHRISTOPHER McCLURE, JORDANA REEVES, WILLIAM WELBORN and CALE YOUNG, by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, and hereby respond to Plaintiff's motion to enforce judgment, stating as follows:

1. On March 12, 2021, Plaintiff filed a motion to enforce judgment in this matter, in order to obtain the agreed upon settlement payment. Plaintiff also requests that sanctions be entered against the Defendants. [Doc. 315].

2. Plaintiff is correct in indicating that this case settled some time ago. Plaintiff is also correct in his statement that there were unfortunately inaccurate assertions contained within the Defendants' filing at Doc. 311. Once it was learned that the assertions and voucher number referenced were inaccurate, the prior defense attorney filed an Amended Status Report on March 15, 2021. [d/e 316].

3. A payment voucher has been generated for payment of the settlement and is awaiting payment by the Office of the Illinois Comptroller.

4.	Plaintiff argues that because this case settled over a year ago and Plaintiff has not yet received payment, the delay is unjustified.  Plaintiff alleges the delay is inexcusable and vexatious.  Plaintiff argues, in addition, that there was misrepresentation to the court by prior defense attorney that had not yet been corrected by the filing of the Motion to Enforce and for Sanctions on March 12, 2021.  Again, the Amended Status report correcting that error was filed on March 15, 2021.  [Doc. 317].  Plaintiff argues the delay and the misrepresentation to the court are sanctionable conduct.   It should be noted there were two cases settled by Plaintiff Lisle for the same amount.

5.	This case settled on or about December 11, 2019.  Pursuant to a text order entered on December 11, 2019, Defendants were directed to file a status report regarding the progress of settlement by February 10, 2020. [Doc. 278].  Shortly thereafter, on January 20, 2020, prior defense attorney assigned to this matter drafted and forwarded the proposed settlement documents to the attorney for the Plaintiff.  On January 28, 2020, Plaintiff's counsel responded to prior defense counsel with proposed changes.  As of February 10, 2020, the parties had not yet agreed on the settlement language. [Doc. 285].

6.	In fact, the Plaintiff did not sign the settlement agreement until April 2020.  It is unclear when the documents were forwarded to the Illinois Attorney General's office.

7.	The settlement documents were then sent to the Illinois Department of Corrections, were signed on or about August 26, 2020 and were eventually returned to the Office of the Attorney General.

8.	The documents were then sent for signature by the main office of the Illinois Attorney General in Springfield, Illinois to the main office in Chicago, Illinois for additional

signature. From there, in January 2021, the documents were sent to the Central Management Services for the creation of a voucher.

9. A voucher for payment was created on or about March 4, 2021 and is awaiting payment by the Office of the Illinois Comptroller.

10. There was no vexatious, inexcusable misconduct here that caused a delay in the payment of the settlement to the Plaintiff.

11. Furthermore, the clear terms of the agreement show that the parties agreed that the settlement amount be paid from the Indemnification Fund "when appropriated by the General Assembly." The parties did not include any other language specifying when payment was to be made. Because a court cannot alter, change, or modify the existing terms of a contract or add new terms or conditions, *see Gallagher*, 367 Ill.App.3d at 301-02, the Court cannot impose such terms, and must "imply a reasonable time for performance." *Guel v. Bullock*, 127 Ill.App.3d 36, 42 (1st Dist. 1984). What constitutes a "reasonable time" is a factual question depending on the specific circumstances of each case. *Id.*; *see also Kane v. McDermott*, 191 Ill.App.3d 212, 218-19 (4th Dist. 2004). Here, the Court must consider the fact there is a pandemic that has slowed the process somewhat, however, in general the process is not quick.

12. Yet, the parties agreed that the individual defendants would not be responsible for payment. The parties' agreement explicitly states: "It is expressly agreed that Defendants, in their individual capacity, shall not be responsible for payment of any sum under this Agreement." There has been no breach of the settlement agreement.

13. Here, immunities provided by the U.S. Constitution and Illinois statute preclude a determination concerning a breach of contract claim and order directing payment. These immunities arise from the Eleventh Amendment and from the State Lawsuit Immunity Act—

which, taken in concert, preclude a federal court from deciding a breach of contract claim concerning the State or a State official and require such a suit be brought in the Illinois Court of Claims. The parties expressly agreed that the settlement agreement "shall not be construed to constitute a waiver of the State of Illinois or IDOC's sovereign immunity."

14. The Eleventh Amendment provides sovereign immunity to the States, limiting the ability to sue States in federal court. U.S. Const. amend. XI; *Green v. Mansour*, 474 U.S. 64, 68 (1985). Immunities available to a defendant in an official capacity action are the same as those that the governmental entity possesses. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). Therefore, sovereign immunity provided by the Eleventh Amendment bars a damages action in federal court against both a State and a State official sued in his official capacity. *Graham*, 473 U.S. at 169-170.

15. Even though a party may not seek damages against a State official sued in his/her official capacity, there are limited circumstances where a party may seek injunctive relief against an official. *See Ex Parte Young*, 209 U.S. 123 (1908); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 288 (1997) (O'Connor, J. concurring) ("Where a plaintiff seeks prospective relief to end a state officer's ongoing violation of federal law, such a claim can ordinarily proceed in federal court. The doctrine is not, however, without limitations. A federal court cannot award retrospective relief, designed to remedy past violations of federal law.") Yet, here, Plaintiff does not make any allegation of a continuing violation of federal law and this exception does not apply.

16. There has been no breach of the settlement agreement. Although there have been delays, there has been no breach of the terms of the agreement nor has there been any indication that the settlement agreement will not be complied with in full in the very near future. In addition, this Court is barred from enforcing the settlement agreement by immunities that apply to the State.

17. However, because Defendants have fulfilled their obligations regarding the settlement documents, and Plaintiff can expect to receive his payment in the coming weeks, and because there was no vexatious, inexcusable conduct, Plaintiff's motion should be denied.

WHEREFORE, Defendants respectfully request this Honorable Court deny Plaintiff's motion and the relief requested therein.

Respectfully submitted,

SUSAN HILL, CHRISTOPHER
McCLURE, JORDANA REEVES,
WILLIAM WELBORN and CALE
YOUNG,

Defendants,

| | |
|---|---|
| Christine McClimans, #6203209 | KWAME RAOUL, Attorney General |
| Assistant Attorney General | of the State of Illinois, |
| 201 West Pointe Dr. Suite 7 | |
| Swansea, IL 62226 | Attorney for Defendants, |
| (618) 236-8621 Phone | |
| (618) 236-8620 Fax | By:  *s/Christine McClimans*_____ |
| E-mail: cmcclimans@atg.state.il.us | Christine McClimans, #6203209 |
| | Assistant Attorney General |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | |
|---|---|
| STEVEN D. LISLE, #R40159, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| - vs- | )   No. 15-965-GCS |
| | ) |
| KIMBERLY BUTLER, et al., | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2021, the foregoing document, ***Defendants' Response to Plaintiff's Motion to Enforce Judgment and for Sanctions****,* was electronically filed with the Clerk of the Court using the CM/ECF system which will electronically send notice to:

Michael A. Wolff    mwolff@uselaws.com
James Redd    jredd@lathropgage.com

Respectfully submitted,

*s/Christine McClimans*
Christine McClimans, #6203209
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
(618) 236-8621 Phone
(618) 236-8620 Fax
E-Mail:   cmcclimans@atg.state.il.us