IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

STEVEN D. LISLE, #R40159,

      Plaintiff,

   vs.

KIMBERLY BUTLER, et al.,

      Defendants.

No. 15-965-NJR-GCS

**REPLY IN SUPPORT OF
MOTION TO ENFORCE SETTLEMENT
AND FOR SANCTIONS**

Defendants claim that they can enter into a settlement agreement and never perform it, and yet not be liable for breach of the agreement or even subject to a motion to enforce performance of the agreement. Doc. 320. That claim is absurd on its face. None of the cases they cite even concerns enforcement of a settlement agreement. Sovereign immunity is not at issue here because Defendants are sued in their personal capacity, not in their official capacities as proxies for the State of Illinois. See *Lewis v. Clarke*, 137 S. Ct. 1285, 1290–91 (2017) (explaining difference between personal-capacity and official-capacity actions and application of sovereign immunity).

The Court obviously has authority to enforce the settlement agreement in this case. E.g., *Hakim v. Payco-Gen. Am. Credits, Inc.*, 272 F.3d 932, 936 (7th Cir. 2001); *Carr v. Runyan*, 89 F.3d 327, 331 (7th Cir. 1996). There is no dispute as to the existence and the terms of the settlement agreement here. Defendants agreed to pay Plaintiff within a "reasonable time." Doc. 320 ¶11. Over one year after this settlement was reached, nearly a year since Defendants received Plaintiff's executed agreement, is far beyond a reasonable time for making that payment. Defendants themselves concede inexplicable delays of *four months* from their receipt

of Plaintiff's signed agreement to get signatures at the Illinois Department of Corrections and

another *five months* to get signatures at the office of the Illinois Attorney General, with another

*two months* just to issue a voucher for payment, which has *yet* to result in payment to Plaintiff.

Doc. 320 ¶¶6–9. (This assumes that Defendants' statements about the voucher are accurate. See

Doc. 320 ¶¶8–9, Doc. 317 ¶10. They submitted no documentation to verify those statements.)

Defendants contend they timely corrected their misrepresentations to the Court. Doc. 320 ¶4

(regarding Docs. 311 and 317). Defendants did not file their Amended Status Report (Doc. 317)

until March 15, *seven days* after Plaintiff informed them of their misrepresentations (Doc. 315 at

2), *after* Plaintiff filed his motion to enforce this settlement (Doc. 315), and *after* the Court

ordered Defendants to respond to that motion (Doc. 316). That is not good faith. And their filing

contains no documentation to verify their statements, which have previously been proven to be

unreliable.

Defendants believe they do not even have to comply with their own settlement agreement,

much less comply within a reasonable period of time, and that they can with impunity make

Plaintiff's appointed counsel spend hours of uncompensated work to compel what should have

been completed long ago. Only the Court can disabuse them of that belief.

Dated: April 2, 2021

Respectfully submitted,

 /s/ Michael A. Wolff
Michael A. Wolff, IL No. 6206003
SCHLICHTER BOGARD & DENTON LLP
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Tel: 314-621-6115
Fax: 314-621-5934
mwolff@uselaws.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to:

Christine McClimans
cmcclimans@atg.state.il.us
Office of the Attorney General
500 South Second Street
Springfield, IL 62701

Counsel for IDOC Defendants

Timothy P. Dugan
tdugan@cassiday.com
Cassiday Schade LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102

Counsel for Wexford Defendants

/s/ Michael A. Wolff